**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
Lindsee B. Falcone, Esq. (SBN 268072)
V. René Daley (SBN 199914)
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
lfalcone@aguileragroup.com
rdaley@aguileragroup.com

Attorneys for Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation<br><br>Plaintiff,<br><br>v.<br><br>S.C. ANDERSON, INC.; a California Corporation; and DOES 1 through 10 inclusive, | Case No.:<br><br>**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR:**<br><br>1) **DECLARATORY RELIEF; AND**<br>2) **EQUITABLE REIMBURSEMENT** |

Comes now Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and pleads the following allegations on information and belief in support of its complaint herein:

1

## JURISDICTION

1. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS" or "Plaintiff") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TRAVELERS is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant S.C. ANDERSON, INC. ("SCA") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Bakersfield, California. Plaintiff is informed and believes and thereon alleges that SCA is a general contractor licensed to do business in California.

3. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiff is unaware of the true names and capacities of said DOE Defendants. Plaintiff will amend this Complaint to reflect the true names when the same are ascertained. Plaintiff is informed and believes and thereon alleges that said DOE Defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

4. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds $600,000, and represents indemnity paid by TRAVELERS on behalf of SCA in the lawsuit entitled *C.L. Knox, Inc., et al. v. S.C. Anderson, Inc., et al.* Kern County Superior Court, Case BCV-17-100423, including consolidated cases BCV-17-100439, BCV-17-100472 and BCV-19-100034 ("Underlying Action").

## VENUE

5. Plaintiff TRAVELERS is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Action was venued in this judicial

district.  Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

### A. The Relevant Insurance Policies

6. TRAVELERS issued the following Special Commercial Umbrella Liability policies to SCA:

| Policy Number | Policy Period | Policy Form No. |
|---|---|---|
| ZUP-13T07997 | 4/1/2014-4/1/2015 | SU 00 01 02 14 |
| ZUP-13T07997 | 4/1/2015-4/1/2016 | |
| ZUP-13T07997 | 4/1/2016-4/1/2017 | SU 00 01 02 14 |
| ZUP-13T07997 | 4/1/2017-4/1/2018 | SU 00 01 02 14 |
| ZUP-13T07997 | 4/1/2018-4/1/2019 | EU 00 01 07 16 |
| ZUP-13T07997 | 4/1/2019-4/1/2020 | EU 00 01 07 16 |
| ZUP-13T07997 | 4/1/2020-4/1/2021 | EU 00 01 07 16 |

The above reference policies are collectively referred to as the "Travelers Policies".

7. The Travelers Policies contain various Commercial Umbrella Liability forms which provide, in relevant part:

**Form SU 00 01 02 14**

    **I. Coverage**

    **A.** We will pay on behalf of the **Insured** those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages because of:

    1. **Bodily Injury** or **Property Damage** that occurs

during the Policy Period and is caused by an **Occurrence**;

. . . .

**Form EU 00 01 07 16**

    SECTION I – COVERAGES

    A. COVERAGE A – EXCESS FOLLOW-FORM LIABILITY

        1. We will pay on behalf of the insured those sums, in excess, of the "applicable underlying limit", that the insured becomes legally obligated to pay as damages to which Coverage **A** of this insurance applies, provided that the "underlying insurance" would apply to such damages but for the exhaustion of its applicable limits of insurance. . . .

        2. Coverage **A** of this insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "underlying insurance", except with respect to any provisions to the contrary contained in this insurance.

    . . .

    8.    Under the terms of the Travelers Policies, Plaintiff has an obligation to pay those sums in excess of the Retained Limit or underlying insurance that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period (subject to various limitations and exclusions in the Travelers Policies).

///

### B. The Project

9. On October 31, 2014, Leslie Knox ("Knox") and SCA entered into a contract for the construction of a 31,000 square foot mixed occupancy building and warehouse as well as an adjacent 12,000 square foot banquet hall.

10. During the construction a number of problems and delays occurred, and SCA was kicked off the job by Knox, who hired another general contractor to take over the project.

### C. The Underlying Action

11. Plaintiff is informed and believes and based thereon alleges that on February 28, 2017, Knox filed a lawsuit against SCA alleging causes of action for: (1) breach of contract; (2) negligence; and (3) declaratory relief (the "Underlying Action").

12. During the litigation with Knox, it became apparent to TRAVELERS that a number of damages sought by Knox were not covered by the Travelers Policies.

13. At the final mediation before trial, SCA's primary carrier agreed to fund $2,000,000 to settle the claims against SCA. Despite this sum, SCA informed TRAVELERS that it needed an additional $673,000 to settle the matter with Knox.

14. TRAVELERS reviewed the indemnity payment being sought by SCA and determined the $673,000 was for damages not covered by the Travelers Policies. TRAVELERS agreed to pay the $673,000 on behalf of SCA, but reserved the right to seek reimbursement of the funds because the damages were not covered by the Travelers Policies.

### FIRST CAUSE OF ACTION FOR
### DECLARATORY RELIEF
**(By TRAVELERS Against Defendant SCA)**

15. TRAVELERS hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set

forth herein.

16. The Travelers Policies provide that TRAVELERS' duty to indemnify is limited to claims for "property damage" during the policy period caused by an "occurrence" that is not otherwise excluded under the policies.

17. TRAVELERS is informed and believes Defendants disagree with TRAVELERS' position.

18. An actual controversy exists between TRAVELERS and Defendants regarding whether the indemnity payment made by TRAVELERS, at the insistence of SCA, to settle the Underlying Action was for covered "property damage".

19. Travelers seeks a judicial declaration, order, and judgment that the Travelers policies do not provide coverage for sums SCA insisted TRAVELERS pay to resolve the Underlying Action. Such judicial determination is necessary and proper in order that all parties are bound by the same interpretation of the Travelers Policies.

## SECOND CAUSE OF ACTION FOR
## EQUITABLE REIMBURSEMENT
### (By TRAVELERS Against Defendant SCA)

20. TRAVELERS hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

21. TRAVELERS has paid $673,000 in indemnity in the Underlying Action. TRAVELERS did not pay these sums as a volunteer. When TRAVELERS agreed to participate in the indemnity of SCA, it specifically reserved its rights to seek reimbursement from SCA of any indemnity related payments that TRAVELERS may make that are not potentially covered under the Travelers Policies.

22. As a result of SCA's unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of TRAVELERS in the amount paid for the defense of claims not potentially covered under the Travelers Policies, plus interest.

The precise amount of reimbursement that is appropriate will be subject to proof at trial, but the current indemnity expense is $673,000.

## **PRAYER FOR RELIEF**

TRAVELERS respectfully prays for judgment, as follows:

1. For a declaration that TRAVELERS was under no obligation to contribute to the settlement of the Underlying Action and that it is entitled to reimbursement of its settlement contribution;

2. For monetary damages from SCA and DOES 1 through 10 for general damages and specific damages, in an amount subject to proof;

3. For prejudgment interest;

4. For costs of suit herein;

5. For such other and further relief as this Court deems just and proper.

Dated:  November 7, 2022	**THE AGUILERA LAW GROUP, APLC**

*[signature]*

A. Eric Aguilera, Esq.
Lindsee B. Falcone, Esq.
V. Rene Daly, Esq.
Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

Case No.:
COMPLAINT