UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>S.C. ANDERSON, INC.<br><br>Defendant. | Case No. 1:22-cv-01441-JLT-CDB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR AT A SCHEDULING CONFERENCE<br><br>ORDER REQUIRING PARTIES TO MEET/CONFER TO RESET SCHEDULING CONFERENCE<br><br>(Doc. 13)<br><br>**THREE-DAY DEADLINE** |

On November 7, 2022, Plaintiff Travelers Property Casualty Company of America ("Plaintiff") filed a complaint against Defendant S.C. Anderson, Inc. ("Defendant"). On November 9, 2022, the Court issued an order setting an initial scheduling conference for this action on February 2, 2023, at 10:00 a.m. (Doc. 5). The order noted "Attendance at the Scheduling Conference is mandatory upon each party not represented by counsel or, alternatively, by retained counsel." *Id*. at 2. Defendant filed two joint scheduling reports, signed by both parties, on January 12, 2023. (Docs. 11-12).

On February 2, 2023, the Court convened the scheduling conference for this action. (Doc. 13). Counsel Brian Cronin appeared on behalf of Defendant. *Id*. No appearance was made by Plaintiff's counsel. The undersigned and Court staff remained connected to the Zoom application with Mr.

1

Cronin until approximately 10:15 a.m., but Plaintiff's counsel neither appeared nor responded to Mr. Cronin's or the Court's emails and telephone calls to inquire about the Scheduling Conference. *Id.*

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

The Court is unclear whether counsel for Plaintiff forgot about or mis-calendared the Scheduling Conference or otherwise misplaced the Zoom connection information that the Court previously provided to Plaintiff. In all events, the Scheduling Conference had been calendared well in advance, and if Plaintiff's counsel was unable to appear, they had a duty to contact the Court and/or Defendant prior to the conference to request whatever information necessary to facilitate Plaintiff's appearance.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff shall show cause in writing, no later than February 6, 2023, why sanctions should not be imposed for Plaintiff's failure to appear at the Scheduling Conference. Plaintiff is advised that failure to comply with this order to show cause may result in dismissal of this action; and
2. The parties shall meet and confer and file a stipulation, no later than February 10, 2023, identifying at least three dates, no earlier than March 6, 2023, during which the parties may appear for a reset Scheduling Conference.

IT IS SO ORDERED.

Dated: **February 2, 2023**

UNITED STATES MAGISTRATE JUDGE

2